OPINION OF THE COURT
Peter N. Wells, J.
This is a proceeding pursuant to article 81 of the Mental Hygiene Law seeking the designation of a guardian for the above-referenced individual, Owen Parker, whose court-op-pointed attorney moved to dismiss the petition for noncompliance with the pleading provisions of Mental Hygiene Law § 81.08. The motion is granted.
It is elemental that normally pleadings are to be liberally construed (Siegel, NY Prac § 208, at 301 [2d ed]). Nevertheless, courts are bound by legislative directives. In article 81 proceedings the Legislature has mandated that petitions presented thereunder "shall” include among other information the following: a description of the alleged incapacitated person’s functional level including that person’s ability to manage the activities of daily living; specific factual allegations as to the personal actions and/or financial transactions or other occurrences which are claimed to demonstrate that the person is likely to suffer harm; the approximate value and description of the financial resources of the person alleged to be incapacitated; and the nature and amount of any claim, debt, or obligations of the person alleged to be incapacitated, to the best of the petitioner’s knowledge (Mental Hygiene Law § 81.08).
The petition does not contain any detailed information as required by the above section. The petition does not set forth any meaningful facts pertaining to the alleged incapacitated person’s functional level. The only information provided by the petition is a physician’s note that in his opinion Mr. Parker does not understand his medical condition and that his ability to manage his own affairs is impaired. Moreover, the petition makes no references to any medical test results or specific evaluations regarding Mr. Parker’s mental or physical condition or functional level. The doctor alleges "[t]o follow his desired plans for care would pose imminent danger to his well-being”. Neither the doctor nor the petitioner explain what these plans are or how they would harm Mr. Parker.
Moreover, section 81.08 (a) (4) and (5) both provide that *735 "specific factual allegations” as to the personal actions or financial transactions respectively of the allegedly impaired person which illustrate that the person is likely to suffer harm because of his inability to adequately understand and appreciate the nature and consequences of his actions must be set forth. The present petition is completely devoid of any such data. Without such specifics the alleged incapacitated person is left in the dark as to his purported incapacities thereby effectively precluding him from mounting any meaningful defense thereto.
The court notes that during oral argument counsel for petitioner asserted that Mr. Parker has refused to divulge his financial resources. The court finds it is certainly within Mr. Parker’s rights to maintain the confidentiality of such personal matters. Indeed his refusal in this area may be some indication of awareness as opposed to incapacity.
The instant petition and supporting papers do not meet the essential requirements of section 81.08. Accordingly, the motion is granted and the petition is denied in its entirety.